UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-80005-CIV-MARRA/JOHNSON

DIANE GRAHAM,

      Plaintiff

vs.

CITI TRENDS, Inc.

      Defendant,
_____/

## OPINION AND ORDER

This Cause is before the Court upon Defendant's Motion for More Definite Statement and Motion to Dismiss and/or Strike Plaintiff's Claims of Hostile Work Environment and Harassment, filed January 4, 2007. (DE 7.) Plaintiff has not responded. On two separate occasions, February 28, 2007, and March 28, 2007, the Court issued an Order to Show Cause why Defendant's Motion should not be granted. (DE 10 & 13.) The Court has reviewed the Motion and the record and is otherwise fully advised in the premises.

**I.    Background**

_____This is a civil action brought by Diane Graham against Defendant Citi Trends Inc., for violations of Title VII of the Civil Rights of 1964 ("Title VII") and the Florida Civil Rights Act ("FCRA"). The facts as gleaned from the complaint and accepted as true for purposes of this motion to dismiss, are as follows.

Plaintiff, a black female, worked as manager of Defendant's Belle Glade store from 2000 to 2005. (Complaint ¶ 4.) In the fall of 2005, Plaintiff's regional manager, Iosea George,

informed Plaintiff that the Belle Glade Store needed Hispanic employees. (Complaint ¶ 10.) During the same time period, Tony Vargas became District Manager for the Plaintiff's district. (Complaint ¶ 11.) Mr. Vargas "stripped Plaintiff of her managerial responsibilities and took other adverse action against Plaintiff." (Complaint ¶ 11.) Shortly thereafter, Plaintiff was replaced by a Hispanic female as store manager, and, on October 17, 2005, District Manager Tony Vargas terminated Plaintiff's employment. (Complaint ¶¶ 11, 12.)

Plaintiff pleads two identical counts, titled "Count I/Florida Civil Rights Act Race Discrimination" and "Count II - Title VII Race Discrimination." The salient provision contained in each of Plaintiff's counts states "Defendant took adverse action against Plaintiff because of her race, including but not limited to exposing her to disparate treatment, disparate discipline, a hostile work environment, harassment, and termination of her employment."

Defendant moves to dismiss the complaint on two grounds. First, Defendant argues Plaintiff has improperly pled multiple claims in her complaint. Defendant contends Plaintiff has shotgun pled "disparate treatment, disparate discipline, hostile work environment, harassment, and termination" without separating each potential claim and alleging a factual basis to satisfy their respective elements. Defendant argues the Complaint does not provide the legal foundation to satisfy the pleading standards and should therefore be required to provide a more definite statement sufficiently setting forth each claim Plaintiff is attempting to allege.

Second, Defendant asserts Plaintiff has failed to plead her hostile work environment/harassment claims. Defendant argues that Plaintiff has not pled factual allegations which would support the elements of a hostile work environment; namely, Plaintiff has not alleged she was harassed through comments or actions based on her race. Further, Defendant

2

contends there are no allegations setting forth any conduct that is severe or pervasive, altering Plaintiff's terms and conditions of employment.

## II. Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). It is well settled that a complaint should not be dismissed unless "it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true. *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984).

A court may grant a motion for a more definite statement where a pleading is "so vague or ambiguous that a party cannot be reasonably required to frame a responsive pleading." Fed. R. Civ. P. 12(e). Motions for more definite statement are disfavored in light of the liberal pleading requirements of the Federal Rules of Civil Procedure and are not to be used as a substitution for discovery. See Bazal v. Belford Trucking Co., 442 F. Supp. 1089, 1101 (S.D.Fla. 1977). The issue before the Court is whether Plaintiff's Complaint is sufficiently specific so as to place ILI on notice of the claims against it.

## III. Discussion

### A. Shotgun Pleading

Defendant's charge that Plaintiff's complaint amounts to shotgun pleading is well founded. Plaintiff lists several different legal causes of action under the general count of "race discrimination." Plaintiff fails to specify which factual allegations are germane to her various

3

charges of "disparate treatment, disparate discipline, a hostile work environment, harassment, and termination of her employment." With only five factual allegations, all of which are described above, Plaintiff fails to put either Defendant or the Court on notice as to which facts support her various legal causes of action. With the exception of her claim for race discrimination via her termination,[1] Defendant's motion for a more definite statement is granted. For Plaintiff to proceed on her alleged counts of disparate treatment, disparate discipline, hostile work environment, and harassment, Plaintiff must re-plead her complaint.

In order to avoid "shotgun pleading", the Court directs the Plaintiff to plead each of her legal claims in a separate count with special attention to each element of the claim. In other words, each count must state the factual and legal basis for it. This requires separate paragraphs and clear separation of different legal claims. The Plaintiff should detail the dates and events, taking care to label them appropriately

### B.     Hostile Work Environment/Harassment

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. S 2000e-2(a)(1). Thus, age harassment occurs, "whether or not it is directly linked to the grant or denial of an economic quid pro quo, where 'such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment.'" *Meritor Savings Bank, FSB v. Vinson,*

---

[1]     Plaintiff's allegation that she was terminated because of her race is sufficient to put the Defendant on notice of a race discrimination claim.

477 U.S. 57, 65 (1986)(*quoting* 29 C.F.R. § 1604.11))

A Plaintiff establishes a prima facie case of hostile work environment by showing: (1) the Plaintiff belongs to a protected group; (2) she was subjected to unwelcome age harassment; (3) the harassment complained of was based on age; (4) the harassment complained of was sufficiently severe or pervasive to alter the conditions of her employment and creates an abusive working environment; and (5) the employer is liable. *Meritor v. Vinson*, 477 U.S. 57. *Sparks v. Pilot Freight Carriers, Inc.*, 830 F. 2d 1554 (11th Cir. 1987); *Mendoza v. Borden, Inc.*, 195 F. 3d 1238 (11th Cir. 1999) (en banc).

In *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998), the Supreme Court described what would not constitute harassment. "[S]imple teasing . . . offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Id.* at 788. (internal quotations omitted). "[S]poradic use of abusive language, gender-related jokes, and occasional teasing" are "the ordinary tribulations of the workplace," and as such, they do no amount to actionable harassment. *Id.* (internal quotations omitted).

As the Supreme Court stated in *Meritor*, "'mere utterance of an...epithet which engenders offensive feelings in an employee,' does not sufficiently affect the conditions of employment to implicate Title VII. Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment - an environment that a reasonable person would find hostile or abusive - is beyond Title VII's purview." *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993). "Title VII is not a federal 'civility code.'" *Mendoza*, 195 F.3d at 1245; *Oncale*, 523 U.S. at 118.

Plaintiff's attempt to allege a hostile work environment/harassment claim fails. None of the allegations in the complaint rises to the level of severe or pervasive harassment altering the conditions of her employment. The complaint simply alleges that Plaintiff was told that the store needed to hire Hispanic employees and was then subsequently replaced by a Hispanic female. As there are no factual allegations of any conduct or words creating a hostile work, Plaintiff's claims for hostile work environment/harassment, under both the FRCA and Title VII, are dismissed without prejudice with leave to amend.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Defendants' Motion to Dismiss (**DE 12**) is **GRANTED IN PART and DENIED IN PART.**

2. Defendant's Motion for a More Definite Statement is **DENIED** to the extent it alleges race discrimination with respect to Plaintiff's termination.

3. Defendant's Motion for a More Definite Statement is **GRANTED** with respect to Plaintiff's potential claims of disparate treatment, disparate discipline, hostile work environment, and harassment; Plaintiff has **leave to amend.**

4. Defendant's Motion to Dismiss Plaintiff's claim for hostile work environment/harassment is **GRANTED with leave to amend.**

5. Defendant's Motion to Strike Plaintiff's Claims is **DENIED.**

6. Plaintiff shall file an Amended Complaint within 15 days.

**DONE AND SIGNED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 20th day of August, 2007.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:
All Counsel of Record